IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Chad D. Hesselink, | Case No. 4:13 CV 2697 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Joe Coakley, | |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner Chad Hesselink filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is incarcerated in the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton) serving a 360-month sentence imposed by the U.S. District Court for the Western District of Michigan. *See United States v. Hesselink, et al.*, No. 1:96-cr-162 (W.D. Mich. 1996) (Quist, J.). Petitioner now asks this Court to set aside his sentence, arguing it is invalid based on the Supreme Court's holding in *Alleyne v. United States*, — U.S. — ,133 S. Ct. 2151 (2013). For the reasons set forth below, the Petition is dismissed.

### BACKGROUND

In October 1996, Petitioner was indicted on charges of carjacking (Count One), robbery of an armored car (Count Two), use of a firearm in a violent crime (Count Three), and being a felon in possession of a firearm (Count Four). Petitioner pled guilty to Counts Two and Four in January 1997, and the prosecutors dismissed the remaining counts.

The district court sentenced Petitioner to 360 months of imprisonment. According to Petitioner, under the Guidelines, his base level offense was 20, but he received enhancements for carjacking, use of a firearm during a crime, obstruction of justice for an attempted escape, and using a stun gun causing harm (Doc. 1 at 4). The enhancements brought the base offense level to 39 (*id.*). Petitioner's criminal history score was VI, thereby placing him in a Guidelines range of 360 months to life (*id.*).

The conviction and sentence were affirmed on direct appeal. *See United States v. Hesselink*, No. 97-1685 (6th Cir. Sept. 22, 1998) (unpublished disposition), available at 1998 WL 702319. Petitioner also filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the district court denied in October 1999. *See Hesselink v. United States*, No. 99-cv-723 (W.D. Mich.) (Dkt. Entry 5).

In Petitioner's latest Petition, he argues the Supreme Court's recent decision in *Alleyne*, requires that any facts supporting sentence enhancements should have been admitted by him, or found by a jury, rather than the district court. Because the judge's allegedly invalid findings increased his sentence range -- 360 months to life imprisonment -- Petitioner argues the enhancements must be set aside, and he should be resentenced within a lower range -- 188 to 235 months.

**STANDARD OF REVIEW**

A district court can refuse to entertain a repeat application for the writ by a federal prisoner only "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).

2

**ABUSE OF WRIT**

A careful review of the Petition reveals it is a duplicate of a petition filed in this Court on August 12, 2013. *See Hesslink v. Coakley*, No. 4:13-cv-1757 (N.D. Ohio 2013) (Carr, J.) In the current case, Petitioner uses the exact same pleading, but redlines the surname "Hesslink" to correct the spelling to read "Hesselink." Judge Carr dismissed Case No. 4:13-cv-1757 on the merits in an Order dated January 27, 2014. *Id.* (Doc. 4). One month before the Order was issued, Petitioner filed this Petition raising the same grounds for relief against the same parties based on the same relevant facts.

Because a litigant "ha[s] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant," *Walton v. Eaton Corp*. 563 F.2d 66, 70 (3d Cir. 1977), the second pleading would customarily be dismissed as duplicative. But, there are no longer two actions pending. And, the usual principles of *res judicata* do not apply to successive habeas corpus proceedings. *See Smith v. Yeager*, 393 U.S. 122 (1968).

Faced with a habeas pleading that has already been fully adjudicated on the merits, however, the issue is best addressed under the abuse of the writ doctrine which prohibits a petitioner from filing subsequent petitions for habeas corpus where an earlier petition was already denied. *McCleskey v. Zant*, 499 U.S. 467, 491–92 (1991). While "abuse of the writ" is generally viewed as a pre-AEDPA standard, courts have applied this equitable principle to habeas petitions brought under Section 2241 due to the discretion allowed by 28 U.S.C. § 2244(a). *See Whab v. United States*, 408 F.3d 116, 119 n.2 (2d Cir. 2005) ("While the standards for determining whether a petition 'abuses the writ' under the doctrine of *McCleskey v. Zant* have much in common with those for determining whether a petition is 'second or successive' under §§ 2244 and 2255, the two doctrines are not coterminous.") (citations omitted). And, Section 2244 provides that courts may decline to address claims brought

repeatedly. *See* 28 U.S.C. § 2244(a) (Judges need not hear challenges to a petitioner's detention "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus."). Therefore, this Court dismisses the Petition as raising claims previously adjudicated on the merits by another judge in this Court. *See Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir.2008).

## CONCLUSION

Petitioner's Section 2241 Petition is dismissed as an abuse of the writ pursuant to 28 U.S.C. § 2244(a). Petitioner's Motion to Proceed *Informa Pauperis* (Doc. 2) is granted. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 26, 2014